FILED

FADLON & ROZIO, LLP
ZACKY P. ROZIO (SBN 169641)
ISACK FADLON (SBN 170011)
9437 South Santa Monica Boulevard, Suite 202
Beverly Hills, CA 90210
Telephone: (310) 203-0600
Facsimile: (310) 205-9392

2009 NOV -3 PM 3: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiff
CHIN CHIN INTERNATIONAL, LTD.

UNITED STATES DISTRICT COURT

Central DISTRICT OF CALIFORNIA

CHIN CHIN INTERNATIONAL, LTD., a limited partnership organized under the laws of the State of California,

Plaintiff,

v.

PETER KIM, an individual residing in the State of California; HELEN KIM, an individual residing in the State of California; and DOES 1 through 10 inclusive,

Defendants.

CASE NO. SACV09-01271 AG MLGx

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESCRIPTION, AND INJURY TO BUSINESS REPUTATION

DEMAND FOR JURY TRIAL

Plaintiff CHIN CHIN INTERNATIONAL, LTD., (hereinafter "Plaintiff" or "Chin Chin"), by their attorneys, as and for their Complaint against Defendants PETER KIM and HELEN KIM (hereinafter collectively "the Kims"), allege as follows:

COMPLAINT OF CHIN CHIN INTERNATIONAL, LTD.

# I. JURISDICTION AND VENUE

1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description), for Unfair Business Practice arising under California Business and Professions Code § 17200 *et seq.*, and for injury to business reputation.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the Kims because the Kims reside in the state of California and because they conduct business in Orange County, California.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Kims maintain their principal place of business in this district.

# II. INTRADISTRICT ASSIGNMENT

5. This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

# III. THE PARTIES

6. Plaintiff Chin Chin International, Ltd. is, and at all times mentioned herein was, a limited partnership organized and existing under the laws of the State of California, having a principal place of business at 3750 Robertson Boulevard, Culver City, California 90232.

7.   Defendant Peter Kim is a natural person whom Plaintiff alleges on information and belief does and at all times mentioned herein has resided in the State of California and is conducting business from a principal location at 2945 El Camino Real, Tustin, California.

8.   Defendant Helen Kim is a natural person whom Plaintiff alleges on information and belief does and at all times mentioned herein has resided in the State of California and is conducting business from a principal location at 2945 El Camino Real, Tustin, California.

## IV. FACTUAL BACKGROUND

9.   Chin Chin is a pioneer in the field of Asian fusion cuisine having launched its original restaurant concept in 1980. From that time it has steadily built up a reputation and clientele which is now firmly associated with its restaurants, name, proprietary recipes, food products, services, proprietary and confidential operating methods and registered trademarks.

10.   From its inception Chin Chin operated its business under the "Chin Chin" brand which it employs at its numerous restaurants nationally. On June 20, 2003, Chin Chin applied to register the "Chin Chin" with the United States Patent and Trademark Office (the "PTO"). On May 25, 2004, the PTO approved the application and issued a Certificate of registration under Registration Number 2844560. A copy of the registration is attached as Exhibit A. Prior to that time Chin Chin conducted business under the trademark "Chin Chin Café & Market" which was registered with the PTO under Registration Number 753565644.

11.   The Kims are individuals residing in the state of California.

12.   For the period from approximately 1990 to 2001, Alex Wong ("Wong") served as an employee and manager of Chin Chin. In approximately 2004, Wong opened a restaurant in Tustin, California using the "Chin Chin" name and employing many recipes and practices that formed a part of Chin Chin's proprietary concept and procedures. Although Chin Chin repeatedly sought to have

Wong to enter a license agreement for usage of the brand and in order to monitor its usage, in view of financial difficulties faced by Wong, Chin Chin agreed to permit Wong's usage of the brand without the payment of royalties provided that his operations met with Chin Chin's approval. During 2008, Wong advised Chin Chin that he intended to sell the store. Chin Chin advised Wong that any new operator would be required to enter into a license agreement with Chin Chin or would be required to abandon usage of the "Chin Chin" name. Chin Chin is informed and believes that thereafter Wong became acquainted with the Kims and their interest in the store. Wong conveyed Chin Chin's conditions to the Kims prior to sale of the store to Defendants. In fact, representatives of Chin Chin met with Peter Kim on various occasions prior to their purchase of the store from Wong and made clear that the Kims would be required to execute a franchise agreement with Chin Chin if they intended to continue usage of the name.

13. Fully aware that Chin Chin owned the rights to the "Chin Chin" mark, the Kims nevertheless consummated their agreement with Wong to purchase the Tustin store and at first pursued discussions with Chin Chin for the negotiation and execution of a franchise agreement. Nevertheless, the Kims abandoned all discussions regarding the franchise of the business and have refused to accept Chin Chin's directions as to food safety procedures which must be followed in the operation of their business. Simultaneously, the Kims have continued to use the "Chin Chin" brand, logos and trade dress in identifying their business despite Chin Chin's repeated demands that they cease doing so.

**FIRST CLAIM TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32**

14. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 13.

4

15. The Kims' use of the "Chin Chin" brand name comprises an infringement of Chin Chin's registered trademark "Chin Chin" and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Chin Chin's goods, causing irreparable harm to Chin Chin for which there is no adequate remedy at law.

16. By reason of the foregoing acts, the Kims are liable to Chin Chin for trademark infringement under 15 U.S.C. § 1114.

### SECOND CLAIM UNFAIR COMPETITION UNDER LANHAM ACT § 43

17. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 16.

18. The Kims' use of the "Chin Chin" mark to promote, market, or sell food products and/or services in direct competition with Chin Chin's "Chin Chin" products and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). The Kims' use of the "Chin Chin" mark is likely to cause confusion, mistake, and deception among consumers. The Kims' unfair competition has caused and will continue to cause damage to Chin Chin, and is causing irreparable harm to Chin Chin for which there is no adequate remedy at law.

### THIRD CLAIM UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 *et seq.*

19. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 18.

20. The Kims' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

21. Pursuant to California Business and Professions Code § 17203, Chin Chin is entitled to preliminary and permanent injunctive relief ordering the Kims to cease this unfair competition, as well as disgorgement of all of the Kims' profits associated with this unfair competition.

**FOURTH CLAIM FALSE DESCRIPTION**

22. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 21.

23. The Kims' "Chin Chin" mark is such a colorable imitation and copy of Chin Chin's trademark established in the market for asian food products and services that the Kims' use thereof in the context of cellular phone devices is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Chin Chin's products, or to deceive consumers as to the origin, sponsorship or approval of Chin Chin's products.

24. Chin Chin avers that the Kims' use of the term "Chin Chin" comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

**FIFTH CLAIM COMMON LAW INJURY TO BUSINESS REPUTATION**

25. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 24.

26. Chin Chin alleges that the Kims' use of Chin Chin's trademark inures and creates a likelihood of injury to Chin Chin's business reputation because persons encountering Chin Chin and its products and services will believe that Chin Chin is affiliated with or related to or has the approval of the Kims, and any adverse reaction by the public to the Kims and the quality of their products and

6

the nature of their business will injure the business reputation of Chin Chin and the goodwill that it enjoys in connection with its "Chin Chin" trademark.

WHEREFORE, Plaintiffs pray:

1. The Kims and their agents, employees, representatives, affiliates, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from:

(a) using Chin Chin's trademark depicted in Exhibit A, or any colorable imitation thereof;

(b) using any trademark that imitates or is confusingly similar to or in any way similar to Chin Chin's trademark "Chin Chin", or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Chin Chin's products or their connectedness the Kims.

2. That the Kims be required to file with the Court and serve on Chin Chin within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

3. That, pursuant to 15 U.S.C. § 1117, the Kims be held liable for all damages suffered by Chin Chin resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, the Kims be compelled to account to Chin Chin for any and all profits derived by it from its illegal acts complained of herein;

5. That the Kims be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of the Kims bearing a trademark found to infringe

Chin Chin's "Chin Chin" trademark rights, as well as all plates, matrices, and other means of making the same;

6. That the Court declare this to be an exceptional case and award Chin Chin its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7. That the Court grant Chin Chin any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

8. For such other and further relief as the Court deems just and proper.

DATED: November 2, 2009

                                              Respectfully submitted,

                                              FADLON & ROZIO

By: _____
     Zacky P. Rozio
     Attorneys for the Plaintiff
     CHIN CHIN INTERNATIONAL, LTD.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable issues before a jury.

DATED: November 3, 2009

                                              FADLON & ROZIO

By: _____
     Zacky P. Rozio
     Attorneys for the Plaintiff
     CHIN CHIN INTERNATIONAL, LTD.

**EXHIBIT "A"**

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Nov 3 04:02:05 EST 2009*

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP]

[Logout]  Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

[TARR Status]  [ASSIGN Status]  [TDR]  [TTAB Status]  *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | CHIN CHIN |
| **Translations** | CHIN CHIN is a Chinese word meaning "to your health". |
| **Goods and Services** | IC 043. US 100 101. G & S: restaurants; restaurant services; take-out restaurant services. FIRST USE: 19830700. FIRST USE IN COMMERCE: 19830700 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76524133 |
| **Filing Date** | June 20, 2003 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 2, 2004 |
| **Registration Number** | 2844560 |
| **Registration Date** | May 25, 2004 |
| **Owner** | (REGISTRANT) Chin Chin International, Ltd. Chin Chin International, Inc., a corporation formed under the laws of the state of California, and Cathedral Productions, Inc., a corporation formed under the laws of the state of California. LIMITED PARTNERSHIP CALIFORNIA 2116 Wilshire Blvd., Suite 241 Santa Monica CALIFORNIA 90403 |
| **Attorney of Record** | Richard J. Greenstone |
| **Prior Registrations** | 1430448 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

### SACV09- 1271 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Summons in a Civil Action (Rev 11/97)

# United States District Court

Central **DISTRICT OF CALIFORNIA**

CHIN CHIN INTERNATIONAL, LTD.
a limited partnership
organized under the laws
of the state of California
vs
PETER KIM, an individual
residing in the state of
California; Helen Kim, an
individual residing in the
state of California; and
Does 1 through 10

**SUMMONS IN A CIVIL ACTION**

Case No.

**SACV09-01271 AG MLGx**

TO: (Name and Address of Defendant)

PETER KIM, 2945 EL CAMINO REAL, TUSTIN, CA 92780

HELEN KIM, 2945 EL CAMINO REAL, TUSTIN, CA 92780

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY

ZACKY P. ROZIO (CA SBN 169641)
FADLON & ROZIO, LLP
9437 SOUTH SANTA MONICA BLVD., SUITE 202
BEVERLY HILLS, CA 90210

An answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

*Jerry Napier*

CLERK
**CHRISTOPHER POWERS**

NOV - 3 2009

DATE

By _____, Deputy Clerk

Summons in a Civil Action

Page 1 of 2

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

| RETURN OF SERVICE | | | |
|---|---|---|---|
| Service of the Summons and Complaint was made by me | | DATE | |
| NAME OF SERVER | | TITLE | |
| Check one box below to indicate appropriate method of service | | | |
| Served personally upon the defendant. Place where served: | | | |
| Left copies thereof at the defendant's dwelling, house or usual place of abode with a person of suitable age and discretion then residing therein: | | | |
| Name of person with whom the summons and complaint were left: | | | |
| Return unexecuted: | | | |
| Other (specify): | | | |
| STATEMENT OF SERVICE FEES | | | |
| TRAVEL | | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service is true and correct.

Executed on: _____

        Date             Signature of Server

                          Address of Server

**NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE**

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE OF THIS DISTRICT MAY, UPON CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF HAS RECEIVED A CONSENT FORM.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGEMENTS OF THE U.S. MAGISTRATES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
CHIN CHIN INTERNATIONAL, LTD.

### DEFENDANTS
PETER KIM; HELEN KIM; DOES 1 THROUGH 25

**(b)** County of Residence of First Listed Plaintiff: **LOS ANGELES**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **ORANG COUNTY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
ZACKY P. ROZIO, FADLON & ROZIO, LLP, 9437 S. SANTA MONICA BLVD., SUITE 202, BEVERLY HILLS, CA 90210, (310)

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1114(1)

Brief description of cause:
TRADEMARK INFIRNGEMENT; UNFAIR COMPETITION; FALSE DESCRIPTION; ETC.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/02/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

SACV09-01271

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                                        Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.